## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  | § |  |
|---|---|---|
| ROSFEL GARZA, #1181215, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 6:20-cv-331-JDK-KNM |
| LORIE DAVIS, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Rosfel Garza, a Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983.  The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.  Before the Court is Defendant Allen Barker's motion for partial summary judgment limited to the exhaustion of administrative remedies.  Docket No. 43.

On December 21, 2022, Judge Mitchell issued a Report recommending that the Court grant Defendant Barker's motion.  Docket No. 8.  The Report specifically recommended that the Court dismiss Plaintiff Garza's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims regarding providing purified water for religious purposes and a Halal kitchen without prejudice for failure to exhaust administrative remedies.  The Report also recommended extending the dismissal of these claims to the unserved Defendants—former TDCJ-CID Director Lorie Davis,

Regional Islamic Chaplain Unknown Party, TDCJ-CID Director of Chaplaincy Timothy Jones, and TDCJ-CID Assistant Director of Chaplaincy Unknown Party. The Report finally recommended that Plaintiff's claims regarding the hiring of Mecca-sanctioned Imams and Halal meats slaughtered in accordance with his religious tenets should be allowed to proceed.  Plaintiff filed objections on January 24, 2023. Docket No. 51.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff asserts that Grievance No. 2019066232 exhausts his claims regarding the creation of a Halal kitchen that is staffed with Muslim workers. He attached the Step One grievance of Grievance No. 2019066232 to his objections. Docket No. 51-1.  The Step One grievance was not processed by TDCJ officials as the time period to grieve this issue had expired.  Docket No. 51-1 at 2.  The Supreme Court in *Woodford v. Ngo,* 548 U.S. 81 (2006), held that the exhaustion requirement requires "proper exhaustion," meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, *including deadlines,* as a precondition to bringing suit in federal court."  *Id.* at 93–94,

2

88–89 (emphasis added).  The Fifth Circuit considered a situation where an inmate failed to follow grievance procedures in *Johnson v. Ford,* 261 F. App'x 752 (5th Cir. 2008).  Citing *Woodford,* the Fifth Circuit held that the applicable rules must be followed and that the inmate had not satisfied the exhaustion requirement where a grievance was returned unprocessed for failing to follow the applicable rules.  *Id.* at 756–57.  The Fifth Circuit also rejected the inmate's excuse that he had utilized alternative methods to satisfy the exhaustion requirement.  *Id.* at 756.  Accordingly, the Fifth Circuit affirmed the granting of the defendants' summary judgment regarding exhaustion.  *Id.* at 757.

As to this particular grievance, Grievance No. 2019066232, Plaintiff cannot show that he has exhausted his Halal kitchen claim as his grievance was filed beyond the grievable time.  His objection is overruled.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit.  Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 47) as the opinion of the District Court.  Defendant Barker's Motion for Partial Summary Judgment (Docket No. 43) is **GRANTED**.  Plaintiff's religious water claims and Halal kitchen claims are **DISMISSED** without prejudice for failure to exhaust administrative remedies.  It is further **ORDERED** that the dismissal of the religious water claims and the Halal kitchen claims without prejudice is **EXTENDED** to Defendants Lorie Davis, Regional Islamic Chaplain Unknown Party, TDCJ-CID

Director of Chaplaincy Timothy Jones, and TDCJ-CID Assistant Director of Chaplaincy Unknown Party.   Finally, Plaintiff's claims regarding the Mecca-sanctioned Imams and Halal meats slaughtered in accordance with his religious tenets will proceed.

So **ORDERED** and **SIGNED** this **6th**   day of **March, 2023.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE