IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROSFEL GARZA, #01181215, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:20-cv-331-JDK-KNM |
| § | |
| ALLEN BARKER, et al., § | |
| § | |
| Defendants. § | |
| § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Rosfel Garza, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. Before the Court is Defendant Allen Barker's motion for summary judgment. Docket No. 57.

On August 18, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendant Barker's summary judgment motion and dismiss this case with prejudice. Docket No. 68. Specifically, Judge Mitchell determined that Plaintiff failed to establish that TDCJ's meatless meals substantially burden Plaintiff's religion. *See, e.g., Patel v. U.S. Bureau of Prisons*, 515 F.3d 807 (8th Cir. 2008). Similarly, Judge Mitchell found that Plaintiff failed to allege a substantial burden on his religion as to his request for Mecca-sanctioned Imams because he did not plead any factual allegations showing that TDCJ's policies

1

or regulations have substantially burdened his religious exercise. Finally, Judge Mitchell recommended that the unserved parties enjoy the benefit of Defendant Barker's motion. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (explaining that unserved and defaulting former officials are entitled to the benefit from the appearing defendant's favorable summary judgment motion). Plaintiff filed timely objections to the Report. Docket No. 70.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Court **OVERRULES** Plaintiff's objections. On objection, Plaintiff attempts to relitigate the issue of exhaustion of administrative remedies; however, the Court has already ruled on this issue. Docket No. 52. Plaintiff does not otherwise respond to the substance of the Magistrate Judge's Report. Rather, he relitigates and complains that he did not have enough time to respond to Defendant's summary judgment motion. But the Court allowed Plaintiff two extensions totaling more than sixty days to respond. Docket Nos. 60, 62. Plaintiff has not identified any error in the Magistrate Judge's Report.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the

2

Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 68) as the opinion of the District Court and **GRANTS** Defendant Barker's motion for summary judgment (Docket No. 70). Plaintiff's claims are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **20th** day of **September, 2023.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE